IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV11-1-V
3:94CR40-4-V

| | |
|---|---|
| JAMES D. TAYLOR, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed January 11, 2006.

Petitioner has filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that his sentence violated his constitutional rights as set forth in United States v. Booker, 125 S. Ct. 738 (2005). More specifically, Petitioner argues that because his indictment did not set forth a specific drug amount he should not have received more than a twenty year sentence.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). The instant motion to vacate is not Petitioner's first such motion. On April 27, 1998, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence which was denied on June 26, 2001. In May 2003, the United States Court of Appeals for the Fourth Circuit affirmed this Court's dismissal of

Petitioner's Motion to Vacate.

Because this is not Petitioner's first motion to vacate, set aside, or correct sentence, before this Court can hear his claims, he must first certify his claims with the United States Court of Appeals for the Fourth Circuit.[1]

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.

---

[1] The Court notes that this is not the first time Petitioner has been informed that he needs to petition the Fourth Circuit before he can file a successive motion to vacate. On September 30, 2004, Petitioner filed a Motion Challenging the District Court's Jurisdiction which was construed as a motion to vacate and dismissed without prejudice as successive. On March 28, 2005, Petitioner filed a Rule 60(b) motion which, pursuant to United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), this Court construed as a motion to vacate and dismissed without prejudice as successive.

Signed: January 18, 2006

Richard L. Voorhees
United States District Judge